IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORETTA FERGERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 2:13-cv-377-WHA |
| ) | |
| UNITED STATES OF AMERICA, ) | (WO) |
| ) | |
| Respondent. ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #25), entered on August 11, 2015, and Petitioner's Objection (Doc. #26), filed on August 27, 2015.[1]

The court has conducted an independent evaluation and *de novo* review of the file in this case, and after doing so, finds the objection to be without merit.

Initially, as to the Petitioner's concluding objection to the Magistrate Judge's finding that no evidentiary hearing was necessary, the court concurs with that finding, since the court concludes from its *de novo* review that the motion and the files and records of the case conclusively show that the Petitioner is entitled to no relief.

In her objections, Fergerson asserts that one of her attorneys negotiated on her behalf to have several aspects of the written plea agreement changed or excised the day prior to her change of plea hearing, but that such matters were not changed or excised from the written agreement. (Doc. No. 26 at 2-5.) However, she asserts that the guilty plea colloquy reflected the supposed changes to the written plea, even though the record reflects there was never a reference to the

---

[1] On August 27, 2015, the Petitioner also filed a Motion to Amend (Doc. #27). The Magistrate Judge entered an order denying the motion on September 10, 215 (Doc. #28), and no timely objection to that order was filed by the Petitioner.

alleged changes during the guilty plea hearing. These assertions by Fergerson come from out of the blue as Fergerson never raised, or even alluded to, the same or similar allegations in her § 2255 motion, in her amendment to the § 2255 motion, or in her replies to the Government's responses to her pleadings. Fergerson now appears to be rewriting the terms of her plea agreement after the fact. The court finds no merit in her attempts to claim she pled guilty to something other than what was set forth in the written plea agreement.

Fergerson also reasserts her claims that counsel was ineffective for (1) failing to adequately challenge the loss attributed to her for sentencing purposes; (2) failing to challenge the district court's finding regarding the number of victims of her offense; and (3) failing to raise an ex post facto argument regarding the version of the Sentencing Guidelines used in her case.

As the Recommendation notes, Fergerson's counsel (1) thoroughly cross-examined the Government's witness at her sentencing hearing, IRS Agent Forte; (2) challenged the methodology used by the Government to estimate the percentage of fraudulent returns filed by Fast Tax Cash (the fraudulent tax-prep business she ran); and (3) vigorously challenged the loss attributed to her. This court agrees.

Ferferson neither demonstrates that the district court's finding regarding loss was erroneous nor identifies a plausible argument or evidence that her trial counsel could have presented that was reasonably likely to change the district court's loss determination.

As for the number of Fergerson's victims, the testimony of Agent Forte and Fergerson's own admissions in the plea agreement established that the number of her victims easily exceeded the 50 individuals required for the four-level enhancement in U.S.S.G. § 2B1.1(b)(2)(B). Fergerson does not demonstrate that, had her counsel argued that her offense involved fewer than 50 victims and insisted that the Government be put to the task of proving economic loss by her

victims by presenting further evidence and argument concerning the stolen identities and stolen tax refunds of the individuals victimized by her scheme, the outcome of the proceedings would have been different, i.e., that the district court would have found that the four-level enhancement under § 2B1.1(b)(2)(B) did not apply to her offense conduct.  Fergerson merely presumes that her victims did not suffer economic loss.

In part for the same reason, Fergerson does not show that her counsel was ineffective for failing to raise an ex post facto argument regarding which version of the Guidelines manual was used, 2011 or 2008.  Fergerson's victims could properly be considered as "victims" (who sustained economic loss) for purposes of § 2B1.1(b)(2) under both the 2011 Guidelines (in effect when she was sentenced) and the 2008 Guidelines (in effect when her offense concluded).  Consequently, no ex post facto violation resulted from use of the 2011 Guidelines at her sentencing.

Therefore, it is hereby ORDERED as follows:

1.  Petitioner's Objection is OVERRULED.

2.  The court ADOPTS the Recommendation of the Magistrate Judge.

3.  This 28 U.S.C. § 2255 motion is DENIED, and this case is DISMISSED with prejudice.

DONE this 8th day of October, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE