IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORETTA FERGERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:13cv377-WHA |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the court on Petitioner's Notice of Appeal to District Court Judge from Magistrate Judge's Order Denying Petitioner's Motion for Bail Pending Writ of Certiorari, filed on November 2, 2018 (Doc. # 64), and Petitioner's Motion to Amend Motion for Release Pending Writ Of Certiorari, filed on July 12, 2019 (Doc. # 65). The court construes these two documents to be Petitioner's objections to the Magistrate Judge's order of October 23, 2018 (Doc. # 63) denying Petitioner's Motion for Release Pending Writ of Certiorari ("Motion for Release"), filed on October 19, 2018 (Doc. # 62). For the reasons set forth below, the court finds that Petitioner's objections are due to be overruled.

In her Motion for Release (Doc. # 62), Petitioner asked to be released from federal prison pending disposition of her petition for writ of certiorari filed with the United States Supreme Court. Petitioner stated she filed that petition after the Eleventh Circuit Court of Appeals affirmed this court's denial of her 28 U.S.C. § 2255 motion in this case. In her § 2255 motion, Petitioner argued that her trial counsel was ineffective for failing to object on ex post facto grounds to the use of the 2011 Sentencing Guidelines Manual at her

sentencing, and to the imposition of a four-level number-of-victims enhancement under U.S.S.G. § 2B1.1(b)(2)(B). In her Motion for Release, Petitioner maintained she was likely to prevail on this claim in her petition to the Supreme Court and that unless she was granted the relief she sought through her motion, she might serve a longer sentence while the petition was pending than the sentence she would receive upon resentencing.

In denying Petitioner's Motion for Release, the Magistrate Judge found that Petitioner failed to present different or more convincing arguments regarding the merits of her ineffective assistance of counsel claim than she had presented in her unsuccessful appeal to the Eleventh Circuit from the denial of her § 2255 motion. Doc. # 63 at 3–4. The Magistrate Judge further found that Petitioner's Motion for Release presented no different or more convincing arguments for release than Petitioner had presented in a motion for bond pending appeal, which was denied by this court pending Petitioner's appeal from the denial of her § 2255 motion. *Id.* Consequently, the Magistrate Judge concluded that Petitioner failed to present a "substantial question" as to the merits of her ineffective assistance claim (*id.* at 4), a requirement for release under 18 U.S.C. § 3143(b)(1), the statute governing release pending appeal or a petition for writ of certiorari.[1] *See* 18 U.S.C. § 3143(b)(1)(B).

---

[1] In order to grant a Motion for Release pending appeal or a petition for writ of certiorari, a court must find—

    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under section 3142(b) or (c) of this title; and

    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

In her objection filed on November 2, 2018 (Doc. # 64), Petitioner argues that the Magistrates Judge's order denying her Motion for Release neglected to address every pertinent element of § 3143(b)(1), including the likelihood of flight, danger to the community, and purposes of delay. *See* 18 U.S.C. § 3143(b)(1)(A), (B). However, under the language of that statute, there is no requirement that the court address the elements of likelihood of flight, danger to the community, and purposes of delay if a petitioner does not raise "a substantial question of law or fact" likely to result in a reversal in the petitioner's favor. *See* 18 U.S.C. § 3143(b)(1)(B)(i). Because Petitioner failed to present a "substantial question" as to the merits of her ineffective assistance of counsel claim, it was unnecessary for the Magistrate Judge to address every element of § 3143(b)(1) when denying Petitioner's Motion for Release.

In her objection filed on July 12, 2019 (Doc. # 65), Petitioner presents additional arguments on why she thinks the number-of-victims enhancement was miscalculated at her sentencing and should have been objected to by her counsel, but these arguments do not change the outcome in her case; i.e., they do not present a "substantial question" as to the

---

        (i) reversal,

        (ii) an order for a new trial,

        (iii) a sentence that does not include a term of imprisonment, or

        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143(b)(1).

merits of her ineffective assistance of counsel claim.[2] Petitioner also refers to family circumstances, which are not matters for consideration for release under § 3143(b)(1). Nothing in Petitioner's objection of July 12, 2019 establishes any error in the Magistrate Judge's order denying her Motion for Release.

Accordingly, Petitioner's objections (Docs. # 64 and 65) are OVERRULED.

DONE this 22nd day of July, 2019.

    /s/ W. Harold Albritton III
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Petitioner styles her objection of July 12, 2019, as a motion to amend her "appeal" to the district court and maintains that the authority for such an appeal is found at 18 U.S.C. § 3145(b). However, that statute applies to review of pretrial detention orders.